IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JERMAINE L. CARTER,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civ. No. 15-1100-SLR
                                       )
ROBERT COUPE, et al.,                  )
                                       )
            Defendants.                )

## MEMORANDUM

1. **Introduction**. Plaintiff Jermaine L. Carter ("plaintiff"), an inmate at the

James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has

been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C.

§ 1983 claiming violations of his constitutional rights.[1]  (D.I. 2, 5)

2. **Standard of Review**. A federal court may properly dismiss an action sua

sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if

"the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief."

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in

forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions). The court must accept all factual allegations in a

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

2

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

6. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

7. **Allegations in the Complaint**. Plaintiff alleges that he was served false disciplinary reports (Nos. 1101899, 1098735, 1094964, 1102606) which caused him to

3

serve disciplinary sanctions. Plaintiff alleges that the disciplinary reports "show no witnesses listed as N/A not available along with showing the disposition of details to be listed N/A not available showing no evidence to support the allegations in [the] falsified disciplinary report write-ups." (D.I. 2 at 5) Plaintiff pled "not guilty" at the preliminary disciplinary hearings and "not guilty" at the regular disciplinary hearings, with no help from the disciplinary appeal process. Plaintiff also complains that no disciplinary investigations were conducted before recommendations were made for him to serve disciplinary sanctions. Plaintiff seeks injunctive relief to change the disciplinary report process and expungement of his record, as well as compensatory damages.

8. **Discussion**. The filing of a false disciplinary charge does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). There are no allegations that plaintiff was denied a hearing. In fact, it is clear from the allegations that plaintiff was provided with preliminary hearings, regular disciplinary hearings, and that he appealed the findings.

9. In addition, the failure to investigate claims fail as a matter of law. Defendants had no mandatory duty to investigate prior to recommending that plaintiff serve disciplinary sanctions. *See e.g., Ali v. Kasprenski*, 732 F. Supp. 2d 439, 445 (D. Del. 2010) (no duty of supervisor to investigate incident report prepared by correctional officer); *see also Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007)

4

(unpublished) (no mandatory duty to investigate and pursue the prosecution of inmates and officers).

   10. **Conclusion**.  For the above reasons, the court will dismiss the action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).  The court finds amendment futile.  A separate order shall issue.

Dated:  February __8__ , 2016

UNITED STATES DISTRICT JUDGE

5